**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: July 17 2017

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: Kelly A. VanDervort, | ) | Case No. 16-33564 |
| | ) | |
| Debtor. | ) | Chapter 7 |
| | ) | |
| Patti Baumgartner-Novak, Trustee, | ) | Adv. Pro. No. 17-03041 |
| | ) | |
| Plaintiff, | ) | Hon. Mary Ann Whipple |
| | ) | |
| v. | ) | |
| | ) | |
| Patricia Gualdoni, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**MEMORANDUM OF DECISION AND ORDER
ON MOTION FOR DEFAULT JUDGMENT**

This adversary proceeding is before the court on Plaintiff's "Complaint to Avoid Preferential Payment and Recover Payment Pursuant to 11 U.S.C. §547 and §550" ("Complaint") [Doc. # 1]. Plaintiff is the duly appointed Trustee for the estate of the Debtor Kelly A. VanDervort in Chapter 7 Case No. 16-33564 pending in this court. The defendant is Patricia Gualdoni ("Defendant"), an individual alleged

to be an insider of Debtor's and a transferee of an interest in Debtor's property within a year preceding the filing of the underlying Chapter 7 case. The Complaint seeks to avoid the transfer as a preferential transfer to an insider and to obtain a money judgment against Defendant recovering the amount paid to her by Debtor.

On May 15, 2017, the Clerk issued a summons and notice of pre-trial conference [Doc. # 3]. The summons required an answer or other response to the complaint to be served on Plaintiff by June 14, 2017, and scheduled a pretrial conference. On June 15, 2017, the court held the scheduled pre-trial conference. There was no appearance by or on behalf of Defendant and no answer or other response to Plaintiff's Complaint had been filed with the court by or on behalf of Defendant. The Clerk entered Defendant's default [Doc. ## 9, 10] under Fed. R. Civ. P. 55(a), applicable in this adversary proceeding under Fed. R. Bankr. P. 7055.

Plaintiff accordingly filed her motion for default judgment against Defendant [Doc. # 12] ("Motion"). The court scheduled a hearing on the Motion and notice of the hearing was also served on Defendant. [Doc. ## 13, 14]. On July 13, 2017, the court held a hearing on the Motion. There was again no appearance by or on behalf of Defendant and a review of the record shows no answer or other response to the Complaint has been filed with the court. On the day of the hearing, the court received a letter and attachments from Defendant, which the court is treating and directed to be docketed as her opposition to the Motion. Plaintiff has also complied with the Servicemembers Civil Relief Act as a predicate to entry of a default judgment against Defendant, indicating that Defendant is not known to her after investigation to be in the active military service of the United States as of filing of the Complaint or for the previous six months. [*See* Doc. #1, p. 5/5]. Pursuant to Fed. R. Civ. P. 55, made applicable by Fed. R. Bankr. P. 7055, Defendant's objection to the Motion will be overruled and Plaintiff's motion for default judgment will be granted.

The district court has jurisdiction over the underlying Chapter 7 bankruptcy case and all civil proceedings arising under Title 11 or arising in or related to the Chapter 7 case, including this adversary proceeding. 28 U.S.C. § 1334(a) and (b). Debtor's Chapter 7 case and all proceedings arising under Title 11 or arising in or related to the Chapter 7 case, including this adversary proceeding, have been referred to this court for decision. 28 U.S.C. § 157(a) and General Order No. 2012-7 entered on April 4, 2012, by the United States District Court for the Northern District of Ohio. This action is a core proceeding that this court may hear and determine because it involves determination, avoidance and recovery of an alleged preferential transfer of property from Debtor to Defendant. 28 U.S.C. § 157(b)(2)(F).

The court finds that notice of this proceeding, including the service of the summons and Complaint pursuant to Fed. R. Bankr. P. 7004, has validly and properly been served upon Defendant. The return on service of the summons and Complaint shows that they were timely served on Defendant by ordinary United States mail, postage prepaid, sent to Defendant at Defendant's dwelling house or usual place of abode. *See* Fed. R. Bankr. P. 7004(b)(1). In further support that service is valid and proper, no mailings by this court to Defendant have been returned as undeliverable. The court thus finds that Defendant has failed to appear, plead, or otherwise defend this action as required by the applicable rules of procedure.

Defendant's response to the Motion shows that she did serve information and documents on Plaintiff before the deadline for response to the Complaint. Plaintiff acknowledged at the hearing on the Motion that she had received the information and documents before the response deadline. However, the court finds that the information and documents that Defendant served were not filed with the court "within a reasonable time after service," which is what is required by the rules of bankruptcy procedure to defend properly an adversary complaint complaint. Fed. R. Bankr. P. 7012; Fed. R. Bankr. P. 7005; Fed. R. Civ. P. 5(d)(1), (2). The delay in filing with the court would be more than a month, after the pretrial conference, after a Clerk's entry of default and after Plaintiff undertook the effort and expense to the estate of filing the Motion. Acknowledging Defendant's status as *pro se* and from out of state and the leeway that attends same, the court nevertheless cannot fairly construe the documents received on July 13, 2017, and docketed as an opposition to the Motion as a timely filed response to the Complaint.

Moreover, as further explained below, even if the court could properly construe the documents and information received in opposition to the Motion instead as a timely-filed answer or other response to the Complaint, it would not change the outcome of the Complaint, only the procedural path by which the court reached judgment. The documents and information do not show a defense to the Complaint or good cause to set aside the Clerk's entry of default. Fed. R. Bankr. P. 7055; Fed. R. Civ. P. 55(c). If the documents were treated as an answer or other response to the Complaint, Plaintiff would alternatively be entitled to judgment on the pleadings, Fed. R. Bankr. P. 7012; Fed. R.Civ. P. 12 (c), or summary judgment, Fed. R. Bankr. P. 7056; Fed. R. Civ. P. 56(a). Rather than contest the elements required to establish a preferential transfer under 11 U.S.C. § 547(b) or show an affirmative defense under under 11 U.S.C. § 547(c), the documents and information confirm that a transfer occurred.

The court finds that the well-pleaded factual allegations of the Complaint, including Exhibit A thereto, constitute a valid cause of action against Defendant under 11 U.S.C. §§ 547 and 550. As a result

3

of the default, the court deems all of the well-pleaded allegations of the Complaint as admitted and true. Indeed, Defendant's information and documents in opposition to the Motion do not dispute, with one exception that is not material, any of the well-pleaded factual allegations of the Complaint. The court finds that the paragraphs of the Complaint cited below are or contain well-pleaded factual allegations.

The Trustee must establish (on default or otherwise) the following elements under 11 U.S.C. § 547(b) to avoid a transfer as a preference:

(1) *a transfer of an interest of the debtor in property*: Paras. 8 and 10 of the Complaint, and Exh. A showing a personal check drawn on Debtor's PNC Bank, N.A. account payable to and endorsed by Defendant, with the memo "Thanx."

(2) *to or for the benefit of a creditor*: Para. 1 of Complaint and the response of Defendant at Doc. # 15 show creation of and the basis for the debt owing to her by Debtor.

(3) *made on account of an antecedent debt owed by the debtor before such transfer was made:* Para. 11 of the Complaint, as confirmed by Defendant's response show that the debt arose in August 2016 when Defendant advanced funds and made expenditures on Debtor's behalf that Debtor agreed to repay to her.

(4) *made while the debtor was insolvent*: Para. 12 of Complaint and § 547(f), presuming insolvency during the 90 days immediately preceding the date of the filing of the petition, which presumption has not been contested or attempted to be rebutted.

(5) *made either (a) on or within 90 days before the date of filing of the petition or (b) between 90 days and one year before the date of the filing of the petition, if such creditor at the time was an insider*: Paras. 1 (November 12, 2016, petition filing date), 8 (September 13, 2016 check), and Ex. A to the Complaint.

The Complaint asserts that Defendant is an insider of Debtor's as her mother. Complaint Paras. 5 and 6. An "insider" of an individual debtor includes "relatives." 11 U.S.C. § 101(30). In turn a "relative" means "an individual related by affinity or consanguinity within the third degree as determined by the common law, " 11 U.S.C. § 101(45). Parents are within the first degree of consanguinity and thus relatives under §§ 101(30) and (45) and thus also "insiders."

Defendant contests that she is Debtor's mother as alleged in the Complaint. Instead, Defendant

says in her response that she is Debtor's sister. But this dispute of fact does not matter, for two reasons. First, as Debtor's sister and not her mother, Defendant is within the second degree of consanguinity of Debtor, and is thus still a relative and an insider as within the third degree of consanguinity. Second, and more importantly, it does not matter in any event whether Defendant is an insider as alleged in the Complaint, because the payment at issue actually occurred within the shorter time period of 90 days before Debtor filed her Chapter 7 petition, which is the basic preference period applicable to transferees regardless of their status as insiders or not. There is no dispute that the payment was made on or after September 13, 2016, which is well within the 90 days preceding the filing date of November 12, 2016.

(6) *that enables such creditor to receive more than such creditor would receive if the transfer had not been made and the creditor received payment of her debt to the extent provided by the Bankruptcy Code*: Para. 13.

This is the heart of the concept of a preference. Defendant confirms in her response that Debtor owed her the money that Debtor repaid to her before Debtor filed her bankruptcy case, indeed showing that she was of great help to Debtor in bailing her out (almost literally) of an untenable legal situation. The Trustee (and the court) does not dispute that Debtor owed Defendant the money that was paid to her. But that is the situation in every preference: the money that was repaid by the debtor was justly owed to the creditor. Rather, the concept of a preference is a set of rules established by Congress intended to put all creditors back on an equal footing, taking from those who got paid under certain time and other statutory parameters, like Defendant, and redistributing those payments to include those who did not get paid. Indeed Defendant's situation presents a classic preference, as debtors are generally more likely to prefer family and repay their debts before bankruptcy than the credit card lender or other creditors they're less likely to run into in person or who do not provide necessary ongoing services and goods. So while the court understands Defendant's frustration, which is common to many preference defendants in the court's experience, businesses and individuals alike, the undisputed fact that Debtor owed her the money she paid her before she filed for bankruptcy does not help Defendant's argument at all.[1]

In the absence of evidence to the contrary and any affirmative defense, the court finds that

---

[1] If Debtor instead did not owe Defendant the money she paid her and simply gifted it to her, it would likely still be an avoidable transfer, but under a different section of the Bankruptcy Code as a fraudulent transfer, 11 U.S.C. § 548.

5

Defendant received a transfer of an interest in property from Debtor, specifically payment of $2,500 in September 2016, well within both 90 days and one year preceding commencement of the underlying Chapter 7 case on November 12, 2016, [¶ 1], made to or for the benefit of Defendant as a creditor on account of an antecedent debt, and that Debtor was insolvent when the transfer was made. The court further finds that the payment enabled Defendant to receive more than if she had been paid through this case.[2]

As set forth in the Complaint and the record of the underlying Chapter 7 case, Plaintiff has properly pleaded grounds for avoidance of the payment as a preferential transfer under 11 U.S.C. § 547(b) and also recovery of the value of the transfer from Defendant as the immediate transferee under 11 U.S.C. § 550(a)(1). Given the liquidated amount pleaded in the Complaint and the evidence admitted as true by the default as shown on Exhibit A, as well as in Defendant's response to the Motion, the court does not need additional evidence to liquidate the judgment amount of the value of the transfer to be recovered from Defendant under 11 U.S.C. § 550. Plaintiff's Motion will therefore be granted.

For good cause shown, based on the foregoing reasons and authorities,

**IT IS ORDERED** that Plaintiff's Motion for Default Judgment [Doc. # 12] is hereby **GRANTED.** A separate judgment on the Complaint will be entered by the court.

###

---

[2] If Defendant files a claim within 30 days of the judgment date and pays the Trustee the judgment amount she might receive a dividend from the estate, repaying her part of her claim. Fed. R. Bankr. P. 3002(c)(3); *see* 11 U.S.C. § 502(d).